AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Maryann Mooney-Rondon<br><br>*Defendant* | Case: 1:21-mj-00586<br>Assigned To : Faruqui, Zia M.<br>Assign. Date : 9/1/2021<br>Description: Complaint w/ Arrest Warrant |

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  __Maryann Mooney-Rondon__ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☒ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 641- Theft of Government Property
18 U.S.C. §§ 1512(c)(2)- Obstruction of an Official Proceeding
18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds

40 U.S.C. § 5104(e)(2)(B)- Entering and Remaining in the Gallery of Congress
40 U.S.C. § 5104(e)(2)(C)- Entering and Remaining in Certain Rooms in the Capitol Building
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building

Date: __09/02/2021__

2021.09.02 18:37:24 -04'00'
*Issuing officer's signature*

City and state: __Washington, D.C.__   __Zia M. Faruqui, U.S. Magistrate Judge__
*Printed name and title*

---

### Return

This warrant was received on *(date)* __09/02/21__, and the person was arrested on *(date)* __10/01/21__
at *(city and state)* __Syracuse, NY__.

Date: __10/01/21__

__MICHAEL RENN__ [signature]
*Arresting officer's signature*

__MICHAEL RENN   SPECIAL AGENT FBI__
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
## District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Rafael Rondon<br><br>*Defendant* | )<br>)  Case: 1:21-mj-00586<br>)  Assigned To : Faruqui, Zia M.<br>)  Assign. Date : 9/1/2021<br>)  Description: Complaint w/ Arrest Warrant<br>) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                                    Rafael Rondon                                     ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☒ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 641- Theft of Government Property
18 U.S.C. §§ 1512(c)(2)- Obstruction of an Official Proceeding
18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds

40 U.S.C. § 5104(e)(2)(B)- Entering and Remaining in the Gallery of Congress
40 U.S.C. § 5104(e)(2)(C)- Entering and Remaining in Certain Rooms in the Capitol Building
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building

Date:     09/02/2021                                         

                                                   2021.09.02 18:38:14 -04'00'
                                                   *Issuing officer's signature*

City and state:     Washington, D.C.            Zia M. Faruqui, U.S. Magistrate Judge
                                                   *Printed name and title*

---

**Return**

This warrant was received on *(date)*  09/02/21 , and the person was arrested on *(date)*  10/01/21
at *(city and state)*  Syracuse, NY                        .

Date:   10/01/2021                                       

                                                   *Arresting officer's signature*

                                                   MICHAEL RENN, SPECIAL AGENT FBI
                                                   *Printed name and title*

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 5:21-MJ-470 (TWD) |
| RAFAEL RONDON | ) |
| Defendant | ) Charging District's Case No. 1:21-MJ-586 |

**U.S. DISTRICT COURT - N.D. OF N.Y.**
**FILED**
**OCT 01 2021**
AT____ O'CLOCK
John M. Domurad, Clerk - Syracuse

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* DISTRICT OF COLUMBIA.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: OCT. 1, 2021

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

KARL J. SLEIGHT
*Printed name of defendant's attorney*

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 01 2021
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 5:21-MJ-470 (TWD) |
| | ) | |
| MARYANN MOONEY-RONDON | ) | Charging District's Case No. 1:21-MJ-586 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* __DISTRICT OF COLUMBIA__.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
  ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: OCT. 1, 2021

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

KARL J. SLEIGHT
*Printed name of defendant's attorney*

# United States District Court
## Northern District of New York

United States of America

V.

Rafael Rondon
Defendant

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number : 5:21-MJ-470 (TWD)
Case in Other Court: 1:21-MJ-586
(USMJ Zia M. Faruqui- District of Columbia)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 34 U.S.C. § 40702.

(3) The defendant must timely advise the Court and Pretrial Services in writing before making any change of residence or telephone number.

(4) The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed. The defendant must next appear at (if blank, to be notified )

_____on _____.
           place                                            date and time
If blank, defendant will be notified of next appearance.

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )   (5)   The defendant must sign an Appearance Bond. If ordered to do so, the defendant must provide the Court with the following indica of ownership of the property posted, or the following amount or percentage of the such property:
_____

( )   (6)   The defendant is placed in the custody of:

(Name of person or organization):_____

(Address):_____ (Tel. No.)_____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____ _____
              Custodian or Proxy                          Date

**Additional Conditions of Release (continued)**

- (X) (7) The defendant must:
  - (X) (a) Report to the Pretrial Services once per week telephone number (315) 234-8700, and as directed thereafter.
  - (X) (b) Allow a probation officer to visit at anytime at the defendant's home or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.
  - (X) (c) Refrain from possessing a firearm, destructive device, or other dangerous weapon.
  - ( ) (d) Execute a bail bond with solvent securities in the amount of $
  - ( ) (e) Maintain or actively seek employment.
  - ( ) (f) Maintain or commence an educational program.
  - ( ) (g) Surrender any passport to: **The Clerk of the Court**[1].
  - ( ) (h) Obtain no passport.
  - (X) (i) Advise Pretrial Services of any travel within the US outside of the Northern District of New York. No travel outside of the continental US without Court approval
  - (X) (j) Remain at an authorized address as approved by Pretrial Services or the Court.
  - ( ) (k) Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.
  - ( ) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to : _____
  - ( ) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
  - ( ) (n) Return to custody each (week)day as of after being released each (week)day as of as for employment, schooling, or the following limited purpose(s): .
  - ( ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.
  - ( ) (p) Refrain from( ) any ( ) excessive use of alcohol.
  - ( ) (q) Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.
  - ( ) (r) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or a remote alcohol testing system.
  - ( ) (s) Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
  - ( ) (t) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  - ( ) (u) Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by the Pretrial Services based upon ability to pay.
    - ( ) (i) **Curfew.** The defendant is restricted to the defendant's residence every day ( ) from to , subject to modifications by Pretrial Services, or ( ) as directed by Pretrial Service or the Court.
    - ( ) (ii) **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.
    - ( ) (iii) **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.
    - ( ) (iv) **Stand Alone Monitoring.** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the Court. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
  - ( ) (v) Submit to the following location monitoring technology and comply with its requirements as directed:
    - ( ) (i) Location monitoring technology as directed by Pretrial Services or supervising officer; or
    - ( ) (ii) Voice Recognition; or
    - ( ) (iii) Radio Frequency; or
    - ( ) (iv) GPS.
  - (X) (w) Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
  - (X) (x) Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

( ) (sc.1)  The defendant must not possess or use a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

( ) (sc.2)  The defendant must not use or possess any computer, data storage device, or any internet capable device, at any location, except at your place of employment, unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or Pretrial Services. If placed in the CIMP, the defendant will comply with all the rules of the program and pay the costs associated with the program. Pretrial Services may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. The defendant must permit Pretrial Services to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device he/she uses or possesses. This equipment may be removed by Pretrial Services or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to Prestrial Services' ability to effectively monitor his/her internet related activities.

( ) (sc.3)  The defendant must not frequent places where persons under the age of 18 are likely to congregate. This shall include, but is not limited to, schools, parks and arcades, unless it is approved by Pretrial Services or the Court.

( ) (sc.4)  The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court. You must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor. While this condition would not be violated by uninteded, incidental contact with a minor in a public place, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.

( ) (sc.5)  The defendant must not subscribe to or use any Internet services at any location without the approval of Pretrial Services or the Court. Telephone bills, credit card bills and service agreements shall be provided upon the request of Pretrial Services or the Court.

( ) (sc.6)  The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.

( ) (sc.7)  The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders. The program shall be approved by Pretrial Services.

( ) (sc.8)  The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by Pretrial Services based on his/her ability to pay and the availability of third party payments.

( X ) **(SC.9) Defendant shall stay out of Washington, D.C. unless for Court, Pretrial, or consultation with attorney.**

( )

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to the defendant if the case is dismissed.

AO 199A Order Setting Conditions of Release (NYND rev. 7/7/2021)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_Syracuse, NY_____
City and State

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _Oct 1, 2021_____

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge

AO 199A Order Setting Conditions of Release (NYND rev. 7/7/2021)

# United States District Court
## Northern District of New York

United States of America

V.

Maryann Mooney- Rondon
Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number : 5:21-MJ-470 (TWD)
Case in Other Court: 1:21-MJ-586
(USMJ Zia M. Faruqui- District of Columbia)

FILED OCT 01 2021 AT ___ O'CLOCK ___ John M. Domurad, Clerk - Syracuse

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 34 U.S.C. § 40702.

(3) The defendant must timely advise the Court and Pretrial Services in writing before making any change of residence or telephone number.

(4) The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed. The defendant must next appear at (if blank, to be notified )

_____ on _____.
             place                              date and time

If blank, defendant will be notified of next appearance.

**Additional Conditions of Release**

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )   (5)   The defendant must sign an Appearance Bond. If ordered to do so, the defendant must provide the Court with the following indica of ownership of the property posted, or the following amount or percentage of the such property:
_____

( )   (6)   The defendant is placed in the custody of:

(Name of person or organization):_____

(Address):_____ (Tel. No.)_____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____   _____
         Custodian or Proxy                          Date

**Additional Conditions of Release (continued)**

(X) (7) The defendant must:
- (X) (a) Report to the Pretrial Services once per week telephone number (315) 234-8700, and as directed thereafter.
- (X) (b) Allow a probation officer to visit at anytime at the defendant's home or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.
- (X) (c) Refrain from possessing a firearm, destructive device, or other dangerous weapon.
- ( ) (d) Execute a bail bond with solvent securities in the amount of $
- ( ) (e) Maintain or actively seek employment.
- ( ) (f) Maintain or commence an educational program.
- ( ) (g) Surrender any passport to: **The Clerk of the Court**[1].
- ( ) (h) Obtain no passport.
- (X) (i) Advise Pretrial Services of any travel within the US outside of the Northern District of New York. No travel outside of the continental US without Court approval
- (X) (j) Remain at an authorized address as approved by Pretrial Services or the Court.
- ( ) (k) Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.
- ( ) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to : _____
- ( ) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
- ( ) (n) Return to custody each (week)day as of after being released each (week)day as of as for employment, schooling, or the following limited purpose(s): .
- ( ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.
- ( ) (p) Refrain from( ) any ( ) excessive use of alcohol.
- ( ) (q) Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.
- ( ) (r) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or a remote alcohol testing system.
- ( ) (s) Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
- ( ) (t) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (u) Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by the Pretrial Services based upon ability to pay.
  - ( ) (i) **Curfew.** The defendant is restricted to the defendant's residence every day ( ) from to , subject to modifications by Pretrial Services, or ( ) as directed by Pretrial Service or the Court.
  - ( ) (ii) **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.
  - ( ) (iii) **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.
  - ( ) (iv) **Stand Alone Monitoring.** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the Court. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
- ( ) (v) Submit to the following location monitoring technology and comply with its requirements as directed:
  - ( ) (i) Location monitoring technology as directed by Pretrial Services or supervising officer; or
  - ( ) (ii) Voice Recognition; or
  - ( ) (iii) Radio Frequency; or
  - ( ) (iv) GPS.
- (X) (w) Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- (X) (x) Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

- ( ) (sc.1)  The defendant must not possess or use a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.
- ( ) (sc.2)  The defendant must not use or possess any computer, data storage device, or any internet capable device, at any location, except at your place of employment, unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or Pretrial Services. If placed in the CIMP, the defendant will comply with all the rules of the program and pay the costs associated with the program. Pretrial Services may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. The defendant must permit Pretrial Services to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device he/she uses or possesses. This equipment may be removed by Pretrial Services or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to Prestrial Services' ability to effectively monitor his/her internet related activities.
- ( ) (sc.3)  The defendant must not frequent places where persons under the age of 18 are likely to congregate. This shall include, but is not limited to, schools, parks and arcades, unless it is approved by Pretrial Services or the Court.
- ( ) (sc.4)  The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court. You must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor. While this condition would not be violated by uninteded, incidental contact with a minor in a public place, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.
- ( ) (sc.5)  The defendant must not subscribe to or use any Internet services at any location without the approval of Pretrial Services or the Court. Telephone bills, credit card bills and service agreements shall be provided upon the request of Pretrial Services or the Court.
- ( ) (sc.6)  The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.
- ( ) (sc.7)  The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders. The program shall be approved by Pretrial Services.
- ( ) (sc.8)  The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by Pretrial Services based on his/her ability to pay and the availability of third party payments.
- ( X ) (SC.9)  **Defendant shall stay out of Washington, D.C. unless for Court, Pretrial, or consultation with attorney.**

( )

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to the defendant if the case is dismissed.

AO 199A Order Setting Conditions of Release (NYND rev. 7/7/2021)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Maryann Mooney Rondon_
Signature of Defendant

_Syracuse, NY_
City and State

## Directions to United States Marshal

(X) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: Oct 1, 2021

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

vs.                                                                          5:21-MJ-470 (TWD)

RAFAEL RONDON

and MARYANN MOONEY-RONDON , Defendant.

_____

**ORDER**

Thérèse Wiley Dancks, United States Magistrate Judge:

      This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

      The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

      As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United*

*States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.
[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: October 1, 2021

Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

3

Query    Reports    Utilities    Help    What's New    Log Out

CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.6 (Revision 1.6.2)] (Syracuse)
# CRIMINAL DOCKET FOR CASE #: 5:21-mj-00470-TWD All Defendants

| | |
|---|---|
| Case title: USA v. Rondon et al | Date Filed: 10/01/2021 |
| Other court case number: 1:21-MJ-586 District of D.C. | Date Terminated: 10/04/2021 |

Assigned to: Magistrate Judge Therese Wiley Dancks

**Defendant (1)**

| | | |
|---|---|---|
| **Rafael Rondon**<br>*TERMINATED: 10/04/2021* | represented by | **Karl J. Sleight**<br>Harris, Beach Law Firm - Albany Office<br>677 Broadway<br>Suite 1101<br>Albany, NY 12207<br>518-701-2716<br>Fax: 518-427-0235<br>Email: ksleight@harrisbeach.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br>*Bar Status: Active*<br>*Fee Status: paid_2019* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 USC 641=THEFT OF GOVERNMENT PROPERTY; 18 USC 1512(c)(2)=OBSTRUCTION OF OFFICIAL | |

PROCEEDING; 18 USC 1752 (a)(1)=ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS; 18 USC 1752(2)(2)=DISORDERLY AND DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS; 40 USC 5104(e)(2)(B)=ENTERING AND REMAINING IN THE GALLERY OF CONGRESS; 40 USC 5104(e)(2)(C)=ENTERING AND REMAINING IN CERTAIN ROOMS IN THE CAPITOL BUILDING; 40 USC 5104(e)(2)(D)= DISORDERLY CONDUCT IN A CAPITOL BUILDING

Assigned to: Magistrate Judge Therese Wiley Dancks

### Defendant (2)

**Maryann Mooney-Rondon**
*TERMINATED: 10/04/2021*

represented by **Karl J. Sleight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*
*Fee Status: paid_2019*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 USC 641=THEFT OF GOVERNMENT PROPERTY; 18 USC 1512(c)(2)=OBSTRUCTION OF OFFICIAL PROCEEDING; 18 USC 1752 (a)(1)=ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS; 18 USC 1752(2)(2)=DISORDERLY AND DISRUPTIVE | |

CONDUCT IN A RESTRICTED BUILDING OR GROUNDS; 40 USC 5104(e)(2)(B)=ENTERING AND REMAINING IN THE GALLERY OF CONGRESS; 40 USC 5104(e)(2)(C)=ENTERING AND REMAINING IN CERTAIN ROOMS IN THE CAPITOL BUILDING; 40 USC 5104(e)(2)(D)= DISORDERLY CONDUCT IN A CAPITOL BUILDING

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Richard Southwick** <br> Office of the United States Attorney - Syracuse <br> P.O. Box 7198 <br> 100 South Clinton Street <br> Syracuse, NY 13261-7198 <br> 315-448-0672 <br> Fax: 315-448-0646 <br> Email: Richard.Southwick@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Assistant US Attorney* <br> *Bar Status: Active* <br> *Fee Status: waived_2019* |
| | | **Stephen C. Green** <br> Office of the United States Attorney - Syracuse <br> P.O. Box 7198 <br> 100 South Clinton Street <br> Syracuse, NY 13261-7198 <br> 315-448-0672 <br> Fax: 315-448-0658 <br> Email: stephen.green@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Assistant US Attorney* <br> *Bar Status: Active* <br> *Fee Status: waived_2019* |

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 10/01/2021 | 1 | Rule 5(c)(3) Documents Received as to Rafael Rondon, Maryann Mooney-Rondon from District of Columbia case no. 1:21-MJ-586 (sg ) (Entered: 10/04/2021) |
| 10/01/2021 | | Rule 5(c)(3) arrest of Rafael Rondon, Maryann Mooney-Rondon. (sg) (Entered: 10/04/2021) |

| | | |
|---|---|---|
| 10/01/2021 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks:Initial Appearance pursuant to Rule 5(c)(3) as to Rafael Rondon, Maryann Mooney-Rondon held on 10/1/2021. Defendants provided with arrest warrants and complaint filed in the District of Columbia. Defendants advised of rights and charges pending in the District of Columbia. Defendants are both represented by same retained counsel. Government is not seeking detention of either defendant. Court reviews conditions of release with both defendants and both defendants acknowledge their understanding of the conditions. Defendant Rafael Rondon and defendant Maryann Mooney-Rondon execute waivers of hearings, admit they are the defendants named in the complaint and each defendant reserves their right to a preliminary hearing in the charging district, if appropriate. Defendants are released on conditions and reminded by the Court to attend all hearings in the charging district as directed. Defendants provided with copy of release order. Court reads Brady warning into the record; Government acknowledges understanding; a written order will follow. On Government motion, case is unsealed. APPEARANCES: AUSA Stephen C. Green and AUSA Richard Southwick for the Government; Karl J. Sleight, Esq. for defendants Rafael Rondon and Maryann Mooney-Rondon; USPO Janna Kulakowski.(Court Reporter Jodi Hibbard) (sg) (Entered: 10/04/2021) |
| 10/01/2021 | 2 | WAIVER of Rule 5(c)(3) Hearings in this District by Rafael Rondon (sg) (Entered: 10/04/2021) |
| 10/01/2021 | 3 | WAIVER of Rule 5(c)(3) Hearings in this District by Maryann Mooney-Rondon (sg) (Entered: 10/04/2021) |
| 10/01/2021 | 4 | ORDER Setting Conditions of Release as to Rafael Rondon. Signed by Magistrate Judge Therese Wiley Dancks on 10/1/2021. (sg) (Entered: 10/04/2021) |
| 10/01/2021 | 5 | ORDER Setting Conditions of Release as to Maryann Mooney-Rondon. Signed by Magistrate Judge Therese Wiley Dancks on 10/1/2021. (sg ) (Entered: 10/04/2021) |
| 10/01/2021 | 6 | ORDER Pursuant to Fed. R. Crim. P. 5(f)as to Rafael Rondon, Maryann Mooney-Rondon. Signed by Magistrate Judge Therese Wiley Dancks on 10/1/2021. (sg) (Entered: 10/04/2021) |
| 10/04/2021 | | TEXT NOTICE to the Clerk, District of Columbia of a Rule 5, Rule 32, or Rule 40 Appearance as to Rafael Rondon, Maryann Mooney-Rondon: Your case number is: 1:21-MJ-586. On 10/1/2021 Defendants Rafael Rondon and Maryann Mooney-Rondon appeared before Magistrate Judge Therese Wiley Dancks in the NDNY after self-surrendering to authorities with their counsel. The defendants each waived their rights to an identity hearing, and each waived their right to a preliminary hearing in this district reserving their right to request such a hearing in the charging district, and were both released on conditions. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents. (sg) (Entered: 10/04/2021) |