JESSICA AGATSTEIN
FEDERAL DEFENDERS OF SAN DIEGO
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
jessie_agatstein@fd.org

Attorney for
MARYANN MOONEY-RONDON

## UNITED STATES DISTRICT COURT
## DISTRIC OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-000722-JMC-2 |
| Plaintiff, | |
| | Hon. Jia M. Cobb |
| v. | **UNOPPOSED MOTION FOR BAIL PENDING APPEAL AND STATEMENT OF POINTS AND AUTHORITIES** |
| MARYANN MOONEY-RONDON, | |
| Defendant. | |

### Motion for Bail Pending Appeal

Ms. Mooney-Rondon respectfully moves this Court to release her pending her appeal to the U.S. Court of Appeals for the District of Columbia Circuit pursuant to 18 U.S.C. § 3143(b). She is seven months in to serving a 12-month term of home incarceration for one felony violation of 18 U.S.C. § 1512(c)(2) and one misdemeanor violation of 18 U.S.C. §§ 641, 2. *See* ECF No. 95 (judgment).

She asks for her release subject to the same conditions imposed pretrial. *See* ECF No. 9 (pretrial order setting conditions of release). The government does not oppose.

## STATEMENT OF POINTS AND AUTHORITIES

Last month, the Supreme Court confirmed that Ms. Mooney-Rondon did not violate 18 U.S.C. § 1512(c)(2). *See Fischer v. United States*, 144 S. Ct. 2176 (June 28, 2024). That was the only felony with which she was charged. Ms. Mooney-Rondon is scheduled to complete her 12-month term of home incarceration in less than five months, on December 21, 2024. As a result, there is no chance that her appeal will be resolved before she serves her complete term of home incarceration.[1]

Meanwhile, Ms. Mooney-Rondon has been a model supervisee during her seven months on home incarceration. During the first five of those months, except for medical appointments, she stayed entirely inside the four walls of her home.

This Court should release her on bail pending appeal with the same conditions it imposed pretrial, for three reasons. *See* ECF No. 9 (Ms. Mooney-Rondon's pretrial conditions); *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (providing when a person is entitled to bail pending appeal).

First, Ms. Mooney-Rondon poses no flight or safety risk. She lives in the home she shares with her husband of 30 years, in the town she has lived in her entire life. She has co-owned a local business for more than 20 years. She has no criminal history. She had no issues over more than two years of pretrial release.

Second, her appeal is not for the purpose of delay. *Fischer* teaches that her only felony conviction is invalid.

---

[1] The median time from notice of appeal to final disposition is about eleven months. *See* Median Time Intervals in Months for Cases Terminated on the Merits (2023), https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2023.pdf.

Third, her appeal raises a substantial question of law that, if decided in her favor, would likely result in a reduced term of home incarceration that would expire before her appeal concludes. Ms. Mooney-Rondon has completed seven months of home incarceration and has five months remaining. Her only other conviction, misdemeanor aiding and abetting theft of a government laptop, 18 U.S.C. §§ 641, 2, results in a Guideline range of zero to six months.

BACKGROUND

### A. Ms. Mooney-Rondon was born and raised in upstate New York, in which she lives a family- and community-oriented rural life.

Ms. Mooney-Rondon is a 58-year-old mother of two who has lived her whole life in Watertown, New York. ECF No. 77 at ¶¶ 57, 58 (PSR). Her two brothers live nearby, as did her parents, until her mother's death in 2022. *Id.* at ¶ 53.

She and her husband have been married for 30 years. *Id.* at ¶ 56. For the last 22, they have co-owned a local business with seven employees. *Id.* at ¶ 69. Ms. Mooney-Rondon manages accounting, human resources, and payroll. *Id.*

Aside from consistently working, Ms. Mooney-Rondon has raised her two children, now in their 20s, and supported her nuclear and extended family members. *Id.* at ¶ 57. Her elder brother is a disabled veteran; Ms. Mooney-Rondon manages his finances, and, before beginning to serve her sentence, did his shopping and helped him with other errands. ¶ 55. Before the instant offense, given her experience in accounting, she also served as a volunteer on several local nonprofit and other community boards. ECF No. 104 at 43 (sentencing transcript).

Ms. Mooney-Rondon had no arrest or criminal history before the instant

3

offense. ECF No. 77 at ¶¶ 46–52.

**B. Ms. Mooney-Rondon stipulated to participating in the January 6 riot, subjecting her to criminal liability for the first time in her life.**

On January 6, Ms. Mooney-Rondon took the Metro into D.C. with her son to attend the "Stop the Steal" rally, and then marched with other protestors over to the U.S. Capitol. ECF No. 57 at 5.[2] at 6.

She entered the U.S. Capitol with her son through a breached Senate Wing Door at about 2:23 p.m., and they entered the office suite of the Speaker of the House at about 2:32 p.m. *Id.* at 5–6. There, she told an unidentified male, "It would be interesting to see what's on that hard drive," pointing to a laptop, and provided her gloves to him to retrieve the laptop without leaving fingerprint evidence. *Id.* at 6–7. He then took the laptop, which had a value of less than $1,000. *Id.* at 7, 10. She entered the Senate Gallery at around 2:42 p.m., took a respiratory protective device, and exited the Capitol at about 2:52 p.m. *Id.* at 8.

The FBI executed a search warrant at her home in June 2021, and she gave a voluntary interview. *Id.* at 9. She admitted to providing either her gloves or scarf to the unidentified male to assist in the theft of a laptop computer, and stated that she saw him put it in a backpack. *Id.* at 9–10.

As she later said to this Court:

---

[2] The above statement of facts comes from the government's proffer of facts, as to which Ms. Mooney-Rondon stipulated could be introduced at a bench trial. *See* ECF. No. 57 (statement of facts for stipulated-facts bench trial); ECF No. 110 at 14–16 (transcript of stipulated facts bench trial explaining this stipulation). Ms. Mooney-Mondon did not and does not stipulate to their truth, but rather stipulates to the government's ability to introduce them. She did not offer contrary evidence at the bench trial. *Id.*

I not only apologize to you for our involvement with January 6, but also to my family, and most especially my son, my daughter and my husband. I was the adult in the room and I failed.

ECF No. 104 at 43.

Ms. Mooney-Rondon proceeded to a stipulated-facts bench trial on two counts: obstruction of an official proceeding and the aiding and abetting thereof, *see* 18 U.S.C. §§ 1512(c)(2), (2), and aiding and abetting the misdemeanor theft of government property, 18 U.S.C. § 1752(a)(1). This Court convicted on all counts.

## C. This Court sentenced Ms. Mooney-Rondon to twelve months of home incarceration as a condition of a five-year probationary term.

At sentencing, the § 1512(c)(2) conviction drove the Guidelines calculation. This Court ultimately calculated Ms. Mooney-Rondon's adjusted offense level under the Guidelines as 12, including a 3-level reduction for acceptance of responsibility, and a 2-level reduction for being a zero-point offender. ECF No. 104 at 20; *see also* ECF Minute Order 12/18/2023 (correcting adjusted offense level to 12, rather than 13 as announced at sentencing).

At the sentencing hearing, this Court calculated a range of 12-18 months in prison in Zone C for Ms. Mooney-Rondon. ECF No. 104 at 68; *see also* ECF Minute Order 12/18/2023 (under corrected offense level of 12, the range was 10-16 months).

As this Court recognized across the "continuum of conduct" of that day, Ms. Mooney-Rondon's case had "no violence involved." ECF No. 104 at 66. On the one hand, her misdemeanor conviction for aiding and abetting theft of the government laptop was "serious[]," and involved Ms. Mooney-Rondon "acting very stupidly.' *Id.* at 66–67. On the other, "there's a lot of positive things to

acknowledge," and this Court "d[id] feel pretty confident that this was an outlier and is not something that would happen again." *Id.* at 67.

The Court varied downward from the obstruction Guideline range and sentenced Ms. Mooney-Rondon to five years' probation, with the first year to be served on a term of home incarceration, "to approximate incarceration the best [it] c[ould]." *Id.* at 69. It also ordered $3,657.51 in restitution, a $7,500 fine, and a $125 assessment. ECF No. 95 at 5 (judgment).

**D. The Supreme Court reversed a January 6 rioter's conviction under § 1512(c)(2), holding that the statute bars interference with evidence used in proceedings, not unspecified interference with proceedings.**

On July 2, the U.S. Supreme Court held that the government erroneously broadened § 1512(c)(2) to cover any disruption of an official proceeding that may have occurred on January 6, 2021. *Fischer*, 2024 WL 3208034, at *9–10. Rather, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at *10.  After all the statute was "designed by Congress to capture other forms of *evidence and other means of impairing its integrity or availability*." *Id.* at *7. (emphasis added).

### ARGUMENT.
### Ms. Mooney-Rondon is entitled to Bail Pending Appeal.

A person is entitled to bail pending appeal if a judge answers several questions in the affirmative. *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Those are:

(1) "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," *id.* (quoting 18 U.S.C. § 3143(b)(1)(A));

(2) "that the appeal is not for purpose of delay," *id.* (quoting § 3143(b)(1)(B)); and

(3) that the appeal "raises a substantial question of law or fact likely to result in reversal," *id.* (quoting § 3143(b)(1)(B)(i)).

As explained below, the answer to each question is a clear, "Yes."

**I.      Ms. Mooney-Rondon is not a flight risk or danger.**

Ms. Mooney-Rondon will not flee or pose a danger to the safety of any other person in the community. She has lived all 58 years of her life in Watertown, New York. For the last 20 years, she has co-owned a small business in Watertown with her husband of 30 years. She has no prior criminal history, and she served more than two years on pretrial release without incident. She has also served seven months of her 12-month home incarceration term also without incident.

**II.     Ms. Mooney-Rondon has not filed an appeal for the purpose of delay.**

Ms. Mooney-Rondon has not filed an appeal for the purpose of delay. Indeed, such would be impossible because she already is serving her sentence. Rather, she seeks to vindicate her rights under *Fischer* and ensure that her convictions and sentence comply with the law.

**III.    Ms. Mooney-Rondon's appeal raises a substantial question of law that is likely to result in reversal of her conviction under § 1512(c)(2), and resentencing under 0-6 month Guidelines.**

If a court determines that a person is not a flight or safety risk and his appeal is not a delay tactic, it proceeds to a final "two-part inquiry: (1) Does the appeal

raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" *Perholtz*, 836 F.2d at 555. "[A] substantial question is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted).

Here, *Fischer* shows that Ms. Mooney-Rondon meets that standard. That is because she was convicted using the same interpretation of § 1512(c)(2) as Mr. Fischer, and the Supreme Court held that such an interpretation is incompatible with the statutory text. *See Fischer*, 2024 WL 3208034, at *10. What is more, the Court demonstrated that once one correctly reads the statute, the record here does not permit Ms. Mooney-Rondon's conviction.

Once again, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as [the Court] earlier explained, other things used in the proceeding, or attempted to do so." *Fischer*, 2024 WL 3208034, at *10 (citing *Fischer*, No. 23-5572, slip op. at 9). And on that earlier page, the Court laid out the ways one might "impair the *availability or integrity of records, documents, or objects* used in an official proceeding in ways other than those specified in (c)(1)." *Id.* at *6 (emphasis added). The Court, for example, held that it "is possible to violate (c)(2) by creating false evidence" or by "transmitting a forged court order." *Id.* (citing *United States v. Reich*, 479 F. 3d 179, 185–87 (2d Cir. 2007)). It also gave the examples of impairing the availability or integrity of "witness testimony or intangible information." *Id.* In other words, the through-line

was "impair[ing] the availability or integrity of records, documents, or objects used in an official proceeding in ways other than those specified in (c)(1)." *Id.* at *2.

The Court also turned to § 1512(c)(2)'s legislative history. It noted that the statute was a response to *document* shredding in the Enron scandal. *Id.* at *7. And in doing so the Court held "that subsection (c)(2) was designed by Congress to capture other forms of *evidence and other means of impairing its integrity or availability* beyond those Congress specified in(c)(1)." *Id.* (emphasis added). Furthermore, the majority repeatedly cited Judge Katsas's dissent from the D.C. Circuit's *Fischer* opinion with approval. *See id.* at *4, *5, *9, *10. And Judge Katsas also correctly realized that, with subsection (c)(2), "Congress limited the actus reus to conduct that impairs the integrity or availability of evidence." *United States v. Fischer*, 64 F.4th 329, 382 (D.C. Cir. 2024) (Katsas, J., dissenting), *vacated and remanded*, 2024 WL 3208034. In other words, the Court made clear that § 1512(c)(2) criminalizes ways a person might interfere with the availability or integrity of evidence other than those listed in subsection (c)(1). It is not a catch-all for any kind of corrupt interference with any official proceeding. *Fischer*, 2024 WL 3208034, at *10.

Yet here, Ms. Mooney-Rondon was convicted on such a broad theory. *See* ECF No. 57 at 1 (stipulated facts for trial). The government's stated elements of § 1512(c)(2) were limited to

1. The defendant attempted to or did obstruct or impede an official proceeding;
2. The defendant intended to obstruct or impede the official proceeding;

3. The defendant acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding; and

4. The defendant acted corruptly.

*Id.* at 1.

That is incompatible with *Fischer* because it makes no mention of "impair[ing] the *availability or integrity* for use in an official proceeding *of records, documents, objects, or . . . other things used in the proceeding.*" *Fischer*, 2024 WL 3208034, at \*10 (emphases added). It simply states that a person wanted to impede the proceeding, which the Supreme Court held is insufficient. *See id.* (rejecting the government's interpretation).

The stipulated facts, meanwhile, make no mention of evidence or other objects of which Ms. Mooney-Rondon sought to impair the "availability or integrity." *Fischer*, 2024 WL 3208034, at \*10.  Thus, the record gives no suggestion that Ms. Mooney-Rondon sought to interfere with the availability or integrity of evidence at Congress's certification of electoral votes. Rather, it shows that she, at most, simply sought to interfere with Congress. But trying to generally obstruct a proceeding certifying electoral votes is different from trying to impair the "availability or integrity," *Fischer*, 2024 WL 3208034, at \*2, of the votes themselves. *Fischer* requires the latter.[3]

---

[3] Justice Jackson—in a concurrence joined by no other Justice—suggested that some people arrested for their actions at the Capitol on January 6 could still be convicted under § 1512(c)(2). To do so, the government would have to prove beyond a reasonable doubt that Ms. Mooney-Rondon's conduct "involved the impairment (or the attempted impairment) of the availability or integrity of [electoral votes] used

Ms. Mooney-Rondon thus demonstrates a "substantial question" as to her § 1512(c)(2) conviction's validity and that "the resolution of that question in [her] favor [is] likely to lead to reversal." *Perholtz*, 836 F.2d at 555. She thus is entitled to bail pending appeal.

Further, should be resentenced absent the felony obstruction conviction, the remaining misdemeanor conviction would result in a 0-6 Guidelines range in Zone A, even should this Court overrule her earlier objection to a special offense characteristic:

**Count 3: 18 USC §§ 641, 2**

| | | |
|---|---|---|
| USSG § 2B1.1(a)(2) | base offense level | 6 |
| USSG § 3A1.2(a) | official victim | +3 |
| | total | 9 |
| | | |
| USSG § 3E1.1 | acceptance | -2 |
| USSG § 4C1.1 | zero-point offender | -2 |
| | **total** | **5** |

As her Guideline range would be in Zone A, with 0-6 Guidelines, her appeal is also "likely to result" in "a sentence that does not include a term of imprisonment." § 3143(b)(1)(B)(iii). Indeed, Ms. Mooney-Rondon currently has served seven of her twelve-month term of home incarceration, on a sentence that does not include a term of imprisonment even with a calculated Guideline range of either 12 to 18 months or 10 to 16 months.

---

during the January 6 proceeding." *Fischer*, 2024 WL 3208034, at *14 (Jackson, J., concurring). To the extent that Justice Jackson's view is compatible with *Fischer*'s majority opinion, the record here permits no such finding.

## CONCLUSION

For the foregoing reasons, this Court should grant this unopposed motion to release Ms. Mooney-Rondoon on bail pending appeal, subject to the same conditions of release as it ordered as to her pretrial release, ECF No. 9.

Respectfully submitted,

Dated:  July 26, 2024

*s/ Jessica Agatstein*
_____
Federal Defenders of San Diego, Inc.
Attorney for
Maryann Mooney-Rondon
Email:  jessie_agatstein@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record and co-defendant counsel this 26h day of July 2024.


*/s/ Jessica Agatstein*
JESSICA AGATSTEIN