# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARYANN MOONEY-RONDON**<br><br>**Defendant.** | **Case No. 21-cr-00722-JMC** |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE ALL MATTERS IN THIS CASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Maryann Mooney-Rondon's Motion to Continue All Matters in this Case, ECF No. 119. On March 27, 2023, the Court held a bench trial on stipulated facts for Mooney-Rondon on Count One (obstruction of an official proceeding) and Count Three (theft of the laptop). The Court convicted Mooney-Rondon on both charges. The government agreed to dismiss the remaining counts at sentencing.

On November 29, 2023, this Court sentenced Mooney-Rondon to 5 years of probation on Counts One and Three, to run concurrently, with the first 12 months of probation to be served as home incarceration, a special assessment of $100 on Count One and $25 on Count Three (totaling $125), a fine of $7,500, restitution in the amount of $3,657.51, and 350 hours of community service as a condition of probation. *See* ECF No. 95 (Judgment). As agreed, the government moved, and the Court agreed, to dismiss the remaining counts.

Mooney-Rondon timely appealed her conviction and sentence on Count One. No. 23-3236 (D.C. Cir. 2023). While her appeal was pending, on June 28, 2024, the U.S. Supreme Court decided *Fischer v. United States*, 144 S. Ct. 2176 (2024), narrowing the scope of conduct prohibited by Section 1512(c)(2). Accordingly, on August 22, 2024, the parties jointly moved for the D.C.

1

Circuit to vacate Mooney-Rondon's conviction. On September 9, 2024, the D.C. Circuit issued a mandate, vacating the defendant's conviction on Count One and remanding her case to the District Court for further proceedings. ECF No. 116. At the parties' joint request, ECF No. 117, this Court set a resentencing hearing for November 19, 2024. At resentencing, Mooney-Rondon should be sentenced based on her conviction on the one remaining count, Count Three, aiding and abetting the theft of the Speaker's laptop, in violation of 18 U.S.C. §§ 641, 2.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. *See, e.g.*, *United States v. Avery*, No. 24-cr-79 (CRC), Nov. 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), Nov. 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United States v. Allen*, 23-cr-261 (APM), Nov. 12, 2024 Minute Order (denying motion to continue sentencing based on speculation that defendant may receive a pardon). The defendant's citation to Special Counsel Jack Smith's motion to vacate a briefing schedule in the matter of *United States v. Trump*, No. 23-cr-257 (TSC), is inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President elect on January 6, 2025, and inaugurated on January 20,

2025." *See id.*, ECF No. 278. The need to "determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendant is a private citizen.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   *s/ Will N. Widman*
       WILL N. WIDMAN
       NC Bar No. 48158
       Trial Attorney, Detailee
       1301 New York Avenue NW, 8th Floor
       Washington, DC 20530
       (202) 353-8611
       Will.Widman@usdoj.gov